UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XIOLIMAR WILMARY GAMEZ
AMARO,

          Petitioner,

v.                                   Case No. 3:26-cv-711-MMH-PDB

SECRETARY OF DHS MARKWAYNE
MULLIN et al.,[1]

          Respondents.

_____

## **ORDER**

Petitioner Xiolimar Wilmary Gamez Amaro, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition). Gamez Amaro asserts that she is a Venezuelan citizen who entered the United States in approximately 2023 without inspection and "has established more than two years of continuous physical presence" in this country. See Petition at 3–4.[2] She contends that her mandatory detention under 8 U.S.C. § 1225(b)(2) violates the Immigration and

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche is automatically substituted for Pamela Bondi.

[2] Elsewhere in the Petition, counsel asserts that Gamez Amaro has been living in this country for over thirteen years. See Petition at 7. That appears to be an error.

Nationality Act (INA), the Administrative Procedure Act, and the Fifth Amendment's Due Process Clause. Id. at 8–10. As relief, she seeks, inter alia, either immediate release or an individualized bond hearing. Id. at 10–11.

The Federal Respondents filed a Response (Doc. 9; Response), conceding that Gamez Amaro is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a) based on a recent decision issued by the Eleventh Circuit Court of Appeals. See Response at 1, 3 (citing Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026)) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). However, the Federal Respondents argue the Petition nevertheless should be denied because Gamez Amaro failed to exhaust her administrative remedies. Id. at 1, 4–5.[3]

---

[3] The Court rejects the Federal Respondents' argument that Gamez Amaro failed to exhaust her administrative remedies. When Gamez Amaro initiated this action, any administrative request for a bond hearing would have been futile, because the Board of Immigration Appeals (BIA) had conclusively determined that immigration judges had no authority to consider bond requests from aliens like Gamez Amaro. See In re Yajure Hurtado, 29 I. & N. Dec. 216, 220-28 (BIA 2025). Indeed, on January 20, 2026, an Immigration Judge denied Gamez Amaro's request for a custody redetermination based on the BIA's position. See Doc. 9-3 at 3. Because the BIA had "predetermined" the issue, any attempt by Gamez Amaro to pursue administrative remedies before the Petition was filed would have been futile. See McCarthy v. Madigan, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it").

When Gamez Amaro was detained, she was not seeking entry at the border; therefore, as the Federal Respondents now concede, she is not subject to § 1225 and instead is detained under § 1226. See Hernandez Alvarez, 175 F.4th at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the INA).

Accordingly, it is

**ORDERED**:

1.     Gamez Amaro's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond hearing violates the INA.[4] Within **seven days** of this Order, Respondents shall either afford Gamez Amaro an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Gamez Amaro, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

---

[4] Because the Court finds that Gamez Amaro is entitled to relief on his assertion that Respondents violated the INA, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

4

2.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of July, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:
Counsel of Record

4